## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANA SANDERS**,

      Plaintiff,

v.                                                    Case No. 8:24-cv-1774-WFJ-NHA

**WESTLAKE FINANCIAL
SERVICES LLC**,

      Defendant.

_____/

### <u>ORDER</u>

Before the Court is Defendant Westlake Financial Services' Motion to Dismiss Plaintiff's Second Amended Complaint, Dkt. 29. Plaintiff has responded, Dkt. 31. Upon careful consideration, Defendant's Motion is granted.

### BACKGROUND

*Pro se* Plaintiff Dana Sanders is the husband of Deborah Ann Sanders, who purchased a Range Rover from AutoMaxx in November 2021. Dkt. 27 at 27, 17. Deborah Sanders is the only buyer listed on the Retail Installment Contract and Security Agreement. *Id.* at 17. Defendant Westlake Financial Services ("Westlake") financed the purchase. *Id.* at 22.

The body of the Second Amended Complaint does not explain the facts giving rise to this dispute, although "Exhibit B" contains, in part, a letter Deborah Sanders

1

wrote to Westlake that may provide relevant background. *Id.* at 27. The letter, dated December 5, 2023, states that the Range Rover's engine blew a gasket in September 2023. *Id.* The car required a new engine, which would have cost $10,000 to $14,000 to replace. *Id.*

It appears that the Sanders hoped to privately finance this repair using Westlake. The December 5, 2023, letter to Westlake provides:

> Through our UCC Contract Trust Account, I [Deborah Sanders] will issue you a negotiable instrument for double the amount remaining on the current car loan ($25,000.00 remaining). In return, we would like to borrow up to $14,000.00 to fix the engine and have a comparable interest rate to our original loan. . . . If you choose not to accept this tender/negotiable instrument, please return the original instrument with your reasoning for dishonor and what needs to be changed to make it acceptable to set off or discharge for full closure and settlement of the account. If dishonored without explanation, then you agree to my [Deborah Sanders'] terms.

*Id.* Westlake's apparent refusal to engage with this private transaction may thus be the crux of Plaintiff's case.

The full purpose of this negotiable instrument, however, is muddied by other correspondences included with the Second Amended Complaint. It appears that Deborah Sanders sent an alleged "tendered instrument" to Westlake on or about December 20, 2023. *Id.* at 28. The letter that enclosed the instrument instructed Westlake to "[a]pply the principal's balance to the principal account number for a complete set-off and settlement of the account." *Id.* at 29. A January 21, 2024, letter from Deborah Sanders to Westlake again instructed Westlake to "transfer the

Principle Title, Interest, Equity, and Credits to the principal account for the set-off and settlement of this consumer transaction." *Id.* at 30. A February 8, 2024, correspondence from Deborah Sanders purports to notify Westlake of a "Default Judgement and Opportunity to Cure." *Id.* at 31. Finally, Ms. Sanders sent a "Notice of Assessment" dated March 5 requesting $35,000,000 in damages pursuant to "Tier 3 of Federal Reserve Act 29" because Westlake did not respond to any of her letters and "failed to credit the principal's balance as requested." *Id.* at 32.

The Second Amended Complaint concludes with an image of what may be the alleged "tendered instrument" for $25,133.85. *Id.* at 33–34. A few of the last included documents show that the Range Rover was repossessed at the request of Westlake. *Id.* at 38.

It does not appear that Westlake ever acknowledged this "tendered instrument" or the letters in any way. Plaintiff Mr. Sanders alleges that "the failure to properly process the tendered instrument as a final settlement indicates a deliberate and deceptive business practice aimed at unjust enrichment through manipulating credit and debt transactions." *Id.* at 11. Counts I through III are fraud, breach of contract, and identity theft. *Id.* at 12–15. As will be explained below, each is due to be dismissed for failure to state a claim.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (cleaned up) (citing *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

The Court need not accept as true bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a claim may be dismissed if there is a dispositive legal issue that precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## DISCUSSION

Counts I through III fail to state a claim upon which relief can be granted and are due to be dismissed per Federal Rule of Civil Procedure 12(b)(6).

## I.    Fraud

Mr. Sanders alleges, in pertinent part, that "Defendant Westlake Financial Services LLC made false representations to Plaintiff regarding the handling and applying a tendered instrument intended to settle an alleged debt." Dkt. 27 at 12. Defendant argues that Plaintiff's allegations have "not approached the particularity necessary to state a claim for fraud." Dkt. 29 at 7.

A claim for fraudulent misrepresentation in Florida requires showing: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation." *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). Fraud claims must be pled with specificity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Namely, "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade*

*Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation and internal quotation marks omitted).

Plaintiff does not meet this pleading burden. Plaintiff simply stating that Defendant Westlake "made false representations" to him regarding the tendered instrument is conclusory and devoid of detail. For example, Mr. Sanders does not specify what exactly was stated or omitted, by whom, when, or where. *See id.* As Plaintiff has failed to allege the circumstances constituting fraud with the requisite particularity, Count I is dismissed. *See* Fed. R. Civ. P. 9(b).

## II.    Breach of Contract

Plaintiff alleges that he "entered into a contractual agreement with Defendant, Westlake Financial Services LLC, wherein Defendant was to manage and settle an alleged debt using a tendered instrument provided by Plaintiff as final settlement." Dkt. 27 at 13. Westlake responds that no contract exists between Dana Sanders and Westlake. Dkt. 29 at 7.

Enforceable contracts in Florida require "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *West Constr., Inc. v. Florida Blacktop, Inc.*, 88 So. 3d 301, 304 (Fla. 4th DCA 2012). Moreover, "[t]he parties must mutually assent to each of the terms and conditions of both the offer and the acceptance in order to be a meeting of the minds and the closing of a lawful and binding contract." *Perkins v. Simmons*, 15

So. 2d 289, 290 (Fla. 1943). An offeree's nonresponse to an offer generally does not constitute acceptance. *West Constr.*, 88 So. 3d at 304–05 ("An offer made to another, either orally or in writing, cannot be turned into an agreement because the person to whom it is made or sent makes no reply, even though the offer states that silence will be taken as consent, for the offeror cannot prescribe conditions of rejection so as to turn silence on the part of the offeree into acceptance." (cleaned up, citation omitted)). Silence can constitute acceptance in three exceptional circumstances: "(1) the offeree takes the offered benefit with reason to know it was offered with the expectation of compensation; (2) the offeree, in remaining silent, intends to accept the offer; and (3) previous dealings between the parties give rise to the inference that silence constitutes acceptance." *Quamina v. U.S. Bank Nat'l Ass'n*, No. 20-CV-61637-RAR, 2020 WL 9349559, at *3–4 (S.D. Fla. Dec. 24, 2020) (citing Restatement (Second) of Contracts § 69, cmt. a (Am. Law. Inst. 1981)).

To the Court's best understanding, Plaintiff *Dana* Sanders is not a party to a contract that exists in this case. His allegation that he entered into a contract is a legal conclusion the Court need not accept as true. *Iqbal*, 556 U.S. at 678. In fact, *Deborah* Sanders is the sole buyer listed on the only contract the Court can identify, namely the Retail Installment Contract and Security Agreement for the Range Rover. Dkt. 27 at 17. Dana Sanders thus does not appear to be representing himself in the breach of contract claim and, as a non-lawyer, may not represent Deborah Sanders. *See*

7

*Lynch v. Kolp*, No. 05-80641-Civ-Ryskamp/Vituanc, 2005 WL 8156017, at *1 (S.D. Fla. Dec. 20, 2005) (collecting cases where "a non-lawyer husband or wife may not bring a *pro se* lawsuit on behalf of his or her spouse," and where "a *pro se* plaintiff who was not involved in the events contained in the complaint did not have standing to file suit on behalf of other individuals, even though they had given the plaintiff power of attorney").

Moreover, if Plaintiff's allegation is that sending the letters and "tendered instrument" to Westlake created a contract between him and Westlake, this is incorrect. Again, the apparent "tendered instrument" and most of the letters to Westlake are authored and signed by only Deborah Sanders, not Plaintiff Dana Sanders. The only letter Dana Sanders arguably signed was the December 5, 2023, letter that did not create a contract regardless. To the extent that letter was an offer for Westlake to loan the Sanders money to repair the car's engine, Westlake never accepted or acknowledged that letter. *West Constr.*, 88 So. 3d at 304. It is of no moment that the letter attempted to stipulate that Westlake's silence would be taken as consent to its terms. Dkt. 27 at 27; *West Constr.*, 88 So. 3d at 304–05. Westlake's nonresponse did not constitute acceptance, and none of the exceptional circumstances that would warrant such a finding are present. *Id.*; *Quamina*, 2020 WL 9349559, at *3–4. Westlake did not take the "offered benefit," Westlake did not intend to accept the offer, and the parties have no previous dealings such that silence

could be interpreted as acceptance. *Quamina*, 2020 WL 9349559, at *3–4. At any rate, the obligations of this purported contract are not clear, and there certainly was not a requisite meeting of the minds. *West Constr.*, 88 So. 3d at 304; *Perkins*, 15 So. 2d at 290. As such, Dana Sanders is not a party to an identifiable contract, and his breach of contract claim is dismissed.

### III.    Identity Theft

Plaintiff alleges that "Defendant, willfully and without material disclosure or authorization from Plaintiff, used Plaintiff's identification and information to access financial resources and conduct transactions (Purchase and Trade) not sanctioned by plaintiff." Dkt. 27 at 14. Defendant argues that Plaintiff does not plausibly allege any of the elements that comprise identity theft. Dkt. 29 at 8.

Westlake contends that "Florida Statutes, section 772.104 addresses civil claims for criminal activities including violation of . . . section 817.568[—]'Criminal use of personal identification information'—*i.e.*, identity theft." Dkt. 29 at 8. Florida Statutes section 772.104 provides that "[a]ny person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action . . . ." The provisions of section 772.103 do not appear to include identity theft, although the identity theft criminal statute is included in the definition of "criminal activity" at section 772.102(1)(a)(22). The Court's independent research has not uncovered any case

9

bringing a civil cause of action for identity theft via this framework. Regardless, Plaintiff's allegations could not constitute a possible identity theft claim.

A count for "fraudulent use of personal identification information" requires showing three elements: "(1) willfully and fraudulently using or possessing with intent to fraudulently use; (2) another person's personal identification information; and (3) without that person's authorization or prior consent." *Tinker v. State*, 341 So. 3d 1136, 1141 (Fla. 4th DCA 2022) (citation and internal quotation marks omitted); *see also* Fla. Stat. § 817.568(2)(a). Plaintiff does not explain the "personal identification information" of his that Westlake allegedly fraudulently used, or how. Plaintiff's allegations are conclusory and confusing, and Count III is consequently dismissed. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Defendant's Motion to Dismiss, Dkt. 29, is granted.

**DONE AND ORDERED** in Tampa, Florida, on December 20, 2024.

*/s/ William F. Jung*

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*